O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-3412 AHM (JEMx) | | Date | March 8, 2011 |
|---|---|---|---|---|
| Title | ABUNDIO A. CRUZ, et al. v. WACHOVIA MORTGAGE, et al. | | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys **NOT** Present for Plaintiffs: | Attorneys **NOT** Present for Defendants: | |

**Proceedings:** IN CHAMBERS (No Proceedings Held)

## I.  BACKGROUND

Abundio A. Cruz and his wife Luz M. Cruz ("Plaintiffs") brought suit against World Savings Bank, Wachovia Mortgage, Wells Fargo Bank and others to stop the foreclosure and resale of their home and to challenge allegedly unfair business practices that caused them to take out a payment-option, adjustable-rate home mortgage loan. On December 6, 2010, the Court granted the motion of defendant Wachovia Mortgage to dismiss with prejudice Plaintiffs' second amended complaint ("SAC").[1] Wachovia Mortgage, having prevailed in the lawsuit, now seeks to recover from Plaintiffs an award of $18,552.50 in attorneys' fees. For the reasons set forth below, the Court finds that such an award would be inequitable and unreasonable. Accordingly, the Court DENIES the motion.[2]

/ / /

---

[1] Wachovia Mortgage is a division of Wells Fargo Bank, N.A. Wells Fargo Bank, N.A., in turn, is a successor by merger of Wachovia Mortgage, FSB, formerly known as World Savings Bank, FSB. Plaintiffs' SAC identifies World Savings Bank, Wachovia Mortgage, and Wells Fargo Bank as separate defendants. For clarity's sake, unless otherwise specified, the Court will refer to these entities collectively as "Wells Fargo," because it is the banking institution that took over the loan portfolios of Wachovia and World Savings. Clearly, Wells Fargo is the final decision-maker among the defendants.

[2] Docket No. 54.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-3412 AHM (JEMx) | Date | March 8, 2011 |
|---|---|---|---|
| Title | ABUNDIO A. CRUZ, et al. v. WACHOVIA MORTGAGE, et al. | | |

/ / /

## II. ANALYSIS

### A. Prior Proceedings

In a detailed order dated December 6, 2010 (Docket No. 52), the Court granted Wachovia Mortgage's motion to dismiss for a number of mostly technical reasons. For example, the gist of Plaintiffs' claims in the SAC appeared to be that they were deceived into taking out a payment-option, adjustable-rate mortgage ("option ARM") when they were actually intent on obtaining a fixed-rate mortgage or a mortgage that would limit their monthly payments to $1,500. Plaintiffs alleged that the lenders colluded with a mortgage broker and disregarded their underwriting requirements to get Plaintiffs to obtain a loan which they would not be able to repay. Sadly, as the revelations of mortgage and banking abuses over the past two years have demonstrated, this allegation is by no means implausible. However, Plaintiffs framed their causes of action as violations of California's Unfair Competition Law ("UCL"). The Court dismissed the UCL claims because they are preempted by the federal Home Owners Loan Act ("HOLA"). Plaintiffs' other claim for recoupment under TILA also failed.

An unusual feature of the Court's December 6, 2010 order was that it addressed a federal statute that was enacted in 2010, the Mortgage Reform and Anti-Predatory Act. That act was a belated federal response to the nationwide financial havoc that many of the largest banks and mortgage brokers had caused.[3] Plaintiffs sought to rely on this 2010 legislation, but unfortunately for them it was enacted too late to be of benefit to them.

Now Wells Fargo Bank seeks to punish Plaintiffs for daring to sue it. Why does a giant bank like Wells Fargo seek to recover $18,552.50 from struggling plaintiffs who probably never understood, must less commissioned, the ill-advised theories and pleadings their lawyer came up with? Perhaps because it wishes to obtain a precedent that banks could use to deter unsophisticated borrowers like Plaintiffs from suing them.

---

[3] Abuses resulting from the creation and practices of Mortgage Electronic Registration Systems ("MERS") in the recordation and chain of title to residential properties are a more recent focus of public scrutiny.

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-3412 AHM (JEMx) | Date | March 8, 2011 |
|---|---|---|---|
| Title | ABUNDIO A. CRUZ, et al. v. WACHOVIA MORTGAGE, et al. | | |

If that was its intention, Wells Fargo picked the wrong case and the wrong court.

### B. Legal Principles

If a statute or enforceable contract permits the award of attorneys' fees, the so-called American rule, which provides that ordinarily the prevailing party in a lawsuit is not entitled to recover such fees, need not be applied. *Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co.*, 549 U.S. 443, 448 (2007). Defendants argue that California law authorizes attorneys' fees as costs under California Code of Civil Procedure § 1032 when such fees are authorized by contract. Cal. Civ. Proc. Code § 1033.5(a)(10)(A). The "contracts" on which Wells Fargo relies to obtain the $18,552.50 from Plaintiffs are the Note and the Deed of Trust Plaintiffs executed in connection with the refinancing of their mortgage.

The Adjustable Rate Mortgage Note dated April 3, 2006 is six pages long. The size of the print is so tiny that most readers blessed with 20-20 vision would experience the travails of Mr. Magoo in trying to decipher it. Buried on page four of the Note in Section 7(E) is the following language:

> The Lender will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. These expenses may include, for example, reasonable attorneys' fees and court costs.

Defendant's Request For Judicial Notice ("RJN"), Ex. B.

The Deed of Trust is 16 pages long (excluding attachments), and although the print size is larger than in the Adjustable Rate Mortgage Note, this instrument also is an exceedingly forbidding document for most readers. It is replete with legalese, references to statutes, a host of bewildering obligations and waivers imposed on the borrowers, and the like. Tucked away in Paragraph 7 of the *Covenants* recitals appears the following language:

<u>LENDER'S RIGHT TO PROTECT ITS RIGHTS IN THE</u>

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-3412 AHM (JEMx) | Date | March 8, 2011 |
|---|---|---|---|
| Title | ABUNDIO A. CRUZ, et al. v. WACHOVIA MORTGAGE, et al. | | |

PROPERTY:

If: (A) I do not keep my promises and agreements made in this Security Instrument, or (B) someone, including me, begins a legal proceeding that may significantly affect Lender's rights in the Property (including but not limited to any manner of legal proceeding in bankruptcy, in probate, for condemnation or to enforce laws or regulations), then Lender may do and pay for whatever it deems reasonable or appropriate to protect the Lender's rights in the Property. Lender's actions may include, without limitation, appearing in court, paying reasonable attorneys' fees . . . . I will pay to Lender any amounts which Lender advances under this Paragraph 7 with interest, at the interest rate in effect under the Secured Notes . . . .

RJN, Ex. C.

Should Wells Fargo be awarded attorneys' fees under these boilerplate clauses? Certainly not. The Court is not obligated to award such fees blindly. Federal courts have the discretion to deny contractually-authorized attorneys' fees "if an award of fees would be 'inequitable and unreasonable.'" *Anderson v. Melwani*, 179 F.3d 763, 766 (9th Cir. 1999) (holding district court had discretion to deny contractually-authorized attorneys' fees to prevailing party and remanding to determine whether enforcing attorneys' fees provision would be inequitable and unreasonable) (quoting *DeBlasio Constr. Inc. v. Mountain States Constr. Co.*, 588 F.2d 259, 263 (9th Cir. 1978)). In fact, a court "'*abuses its discretion* if it awards contractually-authorized attorney's fees under circumstances that make the award inequitable or unreasonable . . . .'" *Anderson*, 179 F.3d at 766 (quoting *McDonald's Corp. v. Watson*, 69 F.3d 36, 45 (5th Cir. 1995)) (emphasis added).

Here, to permit Wells Fargo to recover its attorneys fees would be both inequitable *and* unreasonable. Mr. and Mrs. Cruz are like thousands of other hapless plaintiffs. They relied on an evidently outgunned sole practitioner to stave off disaster, but the claims their lawyer asserted had fatal technical flaws. Yet Plaintiffs' underlying allegations of lender abuse and non-disclosures have never been disproved. Indeed, Wells Fargo has

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-3412 AHM (JEMx) | Date | March 8, 2011 |
|---|---|---|---|
| Title | ABUNDIO A. CRUZ, et al. v. WACHOVIA MORTGAGE, et al. | | |

not claimed that their lawsuit was frivolous. Moreover, it never even attempted to show that the Cruzes were actually aware of the attorneys' fees provisions in the Adjustable Rate Mortgage Note and Deed of Trust. These fee-shifting recitals are fine print, boilerplate clauses in complicated legal instruments that, from a practical point of view, are tantamount to contracts of adhesion. How many consumers read such fine print? How many understand it?

Plaintiffs are already facing the loss of their home. To saddle them with nearly $20,000 in attorneys' fees sought by a giant financial institution merely because they had the temerity to file a lawsuit would be worse than inequitable and unreasonable; it would be a travesty.

### III.  CONCLUSION

For the foregoing reasons, the Court DENIES Wells Fargo's motion.

No hearing is necessary. Fed. R. Civ. P. 78; L.R. 7-15.

|  | : |
|---|---|
| Initials of Preparer | SMO |